Filed 11/18/21  P. v. Coronado CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESUS ENRIQUE CORONADO,<br><br>    Defendant and Appellant. | B308296<br><br>(Los Angeles County Super. Ct. No. BA283071) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Affirmed.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Jesus Enrique Coronado petitioned for resentencing under Penal Code[1] section 1170.95.  The trial court summarily denied the petition without appointing counsel for Coronado.  He appeals and contends that the trial court engaged in erroneous factfinding and failed to appoint him counsel.  We agree that the trial court erred but conclude that any error was harmless.

## BACKGROUND

In November of 2004, Luis Valencia was standing in the street near his home when an SUV drove slowly by.  A passenger fired seven gunshots at Valencia, killing him.  Coronado confessed to a fellow gang member that he and another gang member committed the shooting.  In a police interview, Coronado told detectives that on the night of the murder, he was driving an SUV with four passengers.  One of the passengers exited the vehicle and fired seven gunshots at someone.

Coronado was charged with one count of murder.  (§ 187, subd. (a).)  The case went to trial.  The court instructed the jury with CALJIC Nos. 3.00 (principals), 3.01 (aiding and abetting), 3.31 (concurrence of act and specific intent), 8.10 (murder), 8.11 (malice aforethought), 8.20 (deliberate and premeditated murder), 8.25.1 (drive-by murder), 8.30 (unpremeditated murder of the second degree), and 8.31 (second degree murder—killing resulting from unlawful act dangerous to life).

The jury convicted Coronado of second degree murder.  (§ 187, subd. (a).)  The jury found a principal personally used, intentionally discharged, and caused death with a firearm (§ 12022.53, subds. (b)–(e)(1)), and the offense was committed for

---

[1] All further statutory references are to the Penal Code.

the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)). Coronado admitted to suffering a prior felony conviction (§ 667, subd. (d)). The trial court sentenced him to prison for 55 years to life. We affirmed the judgment in *People v. Coronado* (July 25, 2007, B189922) [nonpub. opn.].

In 2020, Coronado petitioned for resentencing under section 1170.95. The trial court summarily denied his petition on the grounds that Coronado was the actual killer who personally used a firearm to commit the offense and declined to appoint counsel.

Coronado appealed.

## DISCUSSION

Coronado contends the trial court erred when it failed to appoint counsel and then summarily denied his petition on the incorrect theory that he was the actual killer.

"Senate Bill No. 1437 (Stats. 2018, ch. 1015; Senate Bill 1437) eliminated natural and probable consequences liability for murder as it applies to aiding and abetting, and limited the scope of the felony-murder rule." (*People v. Lewis* (2021) 11 Cal.5th 952, 957.) The law also added section 1170.95 to allow convicted murderers who could not be convicted under the law as amended to retroactively seek relief. (*Ibid.*)

Under section 1170.95, subdivision (a), an offender must file a petition in the sentencing court averring that: "(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) [t]he petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be

3

convicted for first degree or second degree murder[;]  [¶]  [and] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."  The petition must include:  "(A) [a] declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a)[;]  [¶] (B) [t]he superior court case number and year of the petitioner's conviction[;]  [¶]  (C) [w]hether the petitioner requests the appointment of counsel."  (§ 1170.95, subd. (b).)  If the petition complies with section 1170.95, subdivision (b)'s three requirements, then the court proceeds to section 1170.95, subdivision (c) to determine whether the petitioner has a made a prima facie showing for relief.  (§ 1170.95, subd. (c).)

If the section 1170.95 petition contains all the required information, including a declaration by the petitioner that he was convicted of murder and is eligible for relief, section 1170.95, subdivision (c) requires the court to appoint counsel to represent the petitioner, directs the prosecutor to file a response to the petition and permits the petitioner to file a reply, and determine if the petitioner has made a prima facie showing that he is entitled to relief.  (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 959–960.)

Here, Coronado filed a facially valid petition and requested counsel.  He alleged that he had been charged with murder under a theory of felony murder or under the doctrine of natural and probable consequences, that he was convicted of second degree murder, and that he could no longer be convicted of second degree murder because of the changes made to sections 188 and 189.  He further asserted that he was not the actual killer.  Therefore, the

4

court erred by not appointing counsel before performing a prima facie review.

We review the court's failure to appoint counsel under the harmless error standard set forth in *People v. Watson* (1956) 46 Cal.2d 818. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 973– 974.) Therefore, Coronado must " 'demonstrate there is a reasonable probability that in the absence of the error he . . . would have obtained a more favorable result.' " (*Id.* at p. 974.) Specifically, he must show that it is reasonably probable that if he had been afforded the assistance of counsel, his petition would not have been summarily denied without an evidentiary hearing. (*Ibid.*) Coronado cannot meet that burden.

To determine whether the petitioner has carried the burden of making the requisite prima facie showing, the court properly examines the record of conviction, "allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis*, *supra*, 11 Cal.5th at p. 971.) This prima facie inquiry is limited. The court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. (*Ibid.*) If so, the court must issue an order to show cause. (*Ibid.*) However, if the record, including the court's own documents, contains facts refuting the petitioner's allegations, then the court may make a credibility determination adverse to the petitioner. (*Ibid.*)

Here, Coronado is ineligible for relief under section 1170.95 as a matter of law. To be eligible for resentencing, Coronado would have to show that he "could not be convicted of first or second degree murder because of changes to Section 188 or 189" made by Senate Bill No. 1437. (§ 1170.95, subd. (a)(3).) The jury

5

instructions given at Coronado's trial conclusively demonstrate he cannot make that showing. "[P]otential relief under section 1170.95 extends only to those convicted of murder by operation of the natural and probable consequences doctrine or of felony murder." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, review granted Sept. 23, 2020, S263939.) Where the record shows, as a matter of law, that the petitioner was not tried under either of those theories, he necessarily was convicted on a theory that survives the changes to sections 188 and 189 enacted by Senate Bill No. 1437.

The record establishes here that Coronado was not convicted on a "natural and probable consequences" theory nor was this a felony murder. While the court erred in finding Coronado was ineligible as the actual killer who used a firearm to commit the murder and declining to appoint counsel, the record establishes that he was the driver, who aided and abetted the actual killer. The court instructed the jury on this single theory of liability, that Coronado as the driver aided and abetted the killer. Indeed, the jury was not instructed on the natural and probable consequences doctrine or felony murder so he could not have been convicted on those theories. The jury, following the given instructions, must have found that Coronado was aware of the killer's intent to commit murder at the time he aided and abetted the act, and thus was liable for that offense. This is liability for the target offense of murder; this is not liability for murder based upon aiding and abetting some other offense, the natural and probable consequence of which would be murder. Nor is this a case of felony murder; it was the murder which the perpetrator intended, not some other felony that Coronado was aware of at the time.

6

In his reply brief, Coronado argues for the first time that, although the jury was not instructed on either the natural and probable consequences doctrine or felony murder, CALJIC Nos. 3.00[2] (principals) and 3.01[3] (aider and abettor), implicate "changes to the law of murder" made by Senate Bill No. 1437. Coronado complains that CALJIC No. 3.00 wrongly suggested that he was equally guilty as the actual shooter if he aided and abetted the shooting regardless of the manner of his participation and that CALJIC No. 3.01 failed to distinguish between an aider and abettor's intent to commit crimes in general and the intent to commit murder.

We find Coronado waived his argument regarding CALJIC Nos. 3.00 and 3.01. " 'Withholding a point until the reply brief deprives the respondent of an opportunity to answer it . . . .

---

[2] CALJIC No. 3.00 reads: "Persons who are involved in [committing] a crime are referred to as principals in that crime. Each principal, regardless of the extent or manner of participation is equally guilty. Principals include: [¶] 1. Those who directly and actively [commit] the act constituting the crime, or [¶] 2. Those who aid and abet the [commission] of the crime."

[3] CALJIC No. 3.01 reads: "A person aids and abets the [commission] of a crime when he or she: [¶] (1) With knowledge of the unlawful purpose of the perpetrator, and [¶] (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and [¶] (3) By act or advice aids, promotes, encourages or instigates the commission of the crime. [¶] [Mere presence at the scene of a crime which does not itself assist the commission of the crime does not amount to aiding and abetting.] [¶] [Mere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting.]."

7

Hence, a point raised for the first time therein is deemed waived and will not be considered, unless good reason is shown for failure to present it before.'" (*People v. Selivanov* (2016) 5 Cal.App.5th 726, 794.) Coronado does not explain why he made these arguments for the first time in his reply brief and cited no authority to support his contention that CALJIC Nos. 3.00 and 3.01 allowed the jury to convict him under the natural and probable consequences doctrine or a felony murder theory. Moreover, any instructional error should have been raised in his original appeal.

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.


WINDHAM, J.*


We concur:


EDMON, P. J.


LAVIN, J.


---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.